**The PEOPLE of the State of Colorado, Complainant,**

v.

**Napoleon S. CREWS, Attorney–Respondent.**

**No. 95SA187.**

Supreme Court of Colorado,
En Banc.

Aug. 28, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Napoleon S. Crews, Black Forest, pro se.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement and conditional admission of misconduct between the assistant disciplinary counsel and the respondent. C.R.C.P. 241.18. The stipulation provided that the respondent be suspended from the practice of law in a range from six months to three years. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be suspended for two years, with reinstatement conditioned on the respondent's satisfaction of certain requirements. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1980. The parties stipulated to the following facts and disciplinary violations.

A

■ The respondent represented a client in a dissolution of marriage action in which final orders were issued in 1989 awarding the respondent's client custody of the two children and ordering her ex-husband to pay $185 per month child support. On September 14, 1990, the ex-husband's lawyer filed a motion to modify child support. Although the respondent assured his client that he would file a response to the motion, he did not. Nor did he attend the hearing on the motion to modify. The trial court subsequently modified the child support order, terminating the ex-husband's obligation effective September 1990, and ordering the respondent's client to pay $210 per month child support to her ex-husband.

The respondent told his client of the court's order and she paid him a $750 retainer to file a motion for reconsideration. The motion for reconsideration was denied and the respondent filed a motion to withdraw, which was granted in May 1991. The respondent's former client hired a new lawyer, and the court subsequently approved a stipulation between the parties that essentially placed the respondent's former client in the same position as existing prior to the motion to modify child support.

The respondent has admitted that he neglected the foregoing legal matter entrusted to him, contrary to DR 6–101(A)(3), and as a result, his client paid $2,000 in additional fees to her second lawyer.

B

■ In a second matter, the respondent agreed to prepare a motion for modification of child support on behalf of another client. However, the respondent failed to prepare the motion for a period of about five months, did not timely respond to discovery requests, and failed to ensure that the court received a

proposed form of findings and conclusions that he was ordered to prepare. The respondent admitted that his inaction again violated DR 6–101(A)(3).

## C

■ The respondent was retained by a couple in connection with a potential will contest involving the man's brother, who had recently died in Kansas. In May 1992, the respondent, or his staff, failed to deposit the couple's $3,000 retainer in a trust account, instead depositing it in the respondent's operating account. The respondent also failed to refund the unused portion of the retainer after being asked to do so and he did not withdraw from the representation upon request. Instead, Respondent charged a $554 unreasonable fee for work that was not authorized.

The respondent's misconduct, which continued after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 9–102(A) (failure to segregate client funds); DR 9–102(B)(4) (a lawyer shall promptly pay the client funds in the possession of the lawyer which the client is entitled to receive); R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer); R.P.C. 1.5(a) (a lawyer's fee shall be reasonable); R.P.C. 1.16(a)(3) (a lawyer shall withdraw from the representation of a client if the lawyer is discharged).

## D

■ After being hired by a client in a dissolution of marriage matter in May 1993, and being paid a retainer, the respondent subsequently failed to timely and appropriately communicate with the client regarding the fees paid and the services rendered. Respondent neglected to sign or respond to a restraining order stipulation for six weeks, and, following the client's retention of substitute counsel, failed to sign the substitution of counsel form for two weeks and did not turn over the client's file to substitute counsel in a timely manner. As he has stipulated, respondent's conduct violated R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer); R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); and R.P.C. 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled).

## E

■ The respondent filed an action on behalf of a client against the client's nephew, alleging fraud. On March 31, 1992, the court awarded judgment in favor of the respondent's client in the amount of $45,000. The respondent neglected the client's case by failing to collect any monies in satisfaction of judgment for two years. He did not communicate adequately with the client with respect to the legal services he would provide for her $2,500 retainer. He also did not advise his client adequately of the status of the nephew's appeal, and failed to communicate with his client between September 1993 and January 1994. Finally, the respondent failed to surrender property that his client was entitled to after his employment was terminated by not transferring certain garnishment forms to the client's new lawyer. The foregoing conduct violated R.P.C. 1.3 (neglect); R.P.C. 1.4(a) (failure to keep client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); and R.P.C. 1.16(d) (failure to take reasonable steps to protect a client's interests upon termination of employment, including surrendering papers and property to which the client is entitled).

## F

■ Clyde Palmer paid the respondent $1,500 in July 1993 to file a Chapter 7 bankruptcy petition. The respondent negligently failed to file the bankruptcy petition. He did not notify Palmer when he closed his law office, and did not provide notice of his new address and telephone number. The respondent also failed to timely refund the unearned part of the client's retainer although he is presently discussing such a refund with his former client. The respondent stipulated

that this conduct again violated R.P.C. 1.3, R.P.C. 1.4(a), and R.P.C. 1.16(d).

### G

■ In October 1990, the respondent's spouse, through her lawyer, filed for dissolution of marriage. The respondent persuaded his wife to have her lawyer withdraw, although the lawyer re-entered the case several months later. Final orders in the dissolution proceeding were entered in May 1992. The respondent's former spouse's lawyer filed a request for investigation of the respondent in June 1994. In his answer to the request for investigation, the respondent submitted a tape recording of a telephone conversation between respondent and his former spouse that he had secretly recorded without her knowledge or consent, and while he knew that she was represented by counsel. The respondent admits that his pressure and interference harmed his former wife's interests, and violated DR 7–104(A)(1) and R.P.C. 4.2 (a lawyer shall not, during the course of the lawyer's representation of a client, communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer without the prior consent of the other lawyer); as well as R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

### II

■ The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct, and recommended that the respondent be suspended for two years, and satisfy certain conditions prior to reinstatement. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, suspension is appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Given the extensive pattern of neglect of client matters, a long rather than short period of suspension is warranted. *E.g., People v. Anderson,* 828

P.2d 228, 233–34 (Colo.1992) (three-year suspension imposed for serious pattern of neglect of client matters and where lawyer had previously been suspended for six months).

The respondent has a history of previous discipline, which is an aggravating factor. ABA *Standards* 9.22(a). He received letters of admonition in 1986 and 1991, both involving conflicts of interest. Moreover, there is the presence of a dishonest or selfish motive on the respondent's part, *id.* at 9.22(b); a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); vulnerability of the victim, *id.* at 9.22(h); substantial experience in the practice of law, *id.* at 9.22(i); and an indifference toward making restitution, *id.* at 9.22(j).

In mitigation, the assistant disciplinary counsel indicates that the respondent has paid attorney fees for the failure to timely respond to discovery requests, *id.* at 9.32(k) (imposition of other sanctions or penalties is a mitigating factor) and the respondent has demonstrated remorse for his misconduct, *id.* at 9.32(*l* ).

Considering the extent and the seriousness of the respondent's misconduct, it is a close question whether a two or three-year suspension is appropriate. We note that despite the gravity of the respondent's conduct, the prior discipline of the lawyer in *Anderson,* 828 P.2d at 233, whom we suspended for three years, was more serious than the respondent's in this case. We have therefore concluded that we will accept the stipulation, agreement, and conditional admission of misconduct, as well as the recommendation of the inquiry panel. At least one member of the court, however, would have imposed a three-year suspension.

### III

It is hereby ordered that Napoleon S. Crews be suspended from the practice of law for two years, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is further ordered that the respondent demonstrate as part of reinstatement pro-

ceedings that he has refunded any unearned fees to Clyde Palmer, that he has arranged for the monitoring of his practice by an experienced attorney, and that he has completed a satisfactory psychiatric evaluation which demonstrates that he has recovered from his admitted depression. It is also ordered that the respondent pay the costs of this proceeding in the amount of $142.52 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.