The PEOPLE of the State of
Colorado, Complainant,

v.

Rodney Wayne BRADLEY,
Attorney–Respondent.

No. 91SA214.

Supreme Court of Colorado,
En Banc.

Feb. 18, 1992.

Linda Donnelly, Disciplinary Counsel,
Jay P.K. Kenney, Asst. Disciplinary Coun-
sel, Denver, for complainant.

Rodney W. Bradley, Colorado Springs,
pro se.

PER CURIAM.

A hearing panel of the Supreme
Court Grievance Committee recommended
that the respondent in this attorney disci-
pline proceeding be suspended for three
years from the practice of law and be or-
dered to pay restitution and costs for viola-
tions of the Code of Professional Responsi-
bility. We issued an order to show cause
why more severe discipline should not be
imposed. After considering the responses
filed by the respondent and the assistant
disciplinary counsel and reviewing the
record as a whole, we conclude that the
respondent's misconduct warrants disbar-
ment.

I

The respondent was admitted to the bar
of this court on May 17, 1982, is registered
as an attorney upon this court's official
records, and is subject to the jurisdiction of
this court and its grievance committee.
C.R.C.P. 241.1(b). Two separate formal
complaints against the respondent, Nos.
GC90B–7 and GC90B–61, were consolidated
for purposes of a hearing before the hear-
ing board. After listening to the testimony
of the witnesses, including the respondent,
and considering the exhibits introduced into
evidence, the board found that the follow-
ing facts had been established by clear and
convincing evidence.[1]

Count I of the complaint in No. GC90B–7
recited that Ron Wright retained the re-
spondent to file a dissolution of marriage
petition on his behalf. The respondent and

1. The assistant disciplinary counsel did not file
exceptions to the findings of fact and recom-
mendation of the hearing board. The respon-
dent's exceptions to the hearing board's report

were stricken because he failed to order a tran-
script of the hearing from the reporter for time-
ly filing in this court. C.R.C.P. 241.20(b)(4).

Wright agreed on a fee of $200 plus $90 for court costs. Wright paid the respondent $190 on May 6, 1988, and the balance of $100 in September or October 1988. The respondent has never had a client trust account, and he deposited the $290 into his office operating account. The respondent misrepresented to Wright that he had filed a petition for dissolution and obtained a court date of January 20, 1989. In fact, the respondent filed no petition for dissolution on behalf of Wright and obtained no court date. On Wright's request, the respondent sent Wright a check for $290 in February 1989. The respondent's check was returned because of insufficient funds in the account. Subsequently, the respondent informed the office of disciplinary counsel that he was forwarding Wright a money order for $290, but he has not done so.

The hearing board concluded that the respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 9-102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located), and DR 9-102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer that the client is entitled to receive).

Count II is based on a series of events that began when James Morley retained the respondent on a contingency fee basis in July 1989 to collect on a $54,703 promissory note. The respondent commenced an action to collect on the note in August 1986. The defendant filed a motion for summary judgment. During 1987, Morley and a second attorney hired by Morley had extreme difficulty in obtaining information about the case from the respondent. The respondent stated that he would file a response to the defendant's motion for summary judgment by November 1986. However, the respondent did not reply to the motion for summary judgment in any manner until October 26, 1988, the day of the hearing on the motion, at which time he filed a memorandum of law. The respondent did not appear at the hearing because of an automobile accident, and the trial court entered summary judgment dismissing the action with prejudice. The respondent's motion to set aside the summary judgment was denied, and the time for appeal lapsed.

In May 1989, Morley hired a third lawyer to appeal the summary judgment, and an appeal bond in the amount of $250 and a notice of appeal were filed. Morley's appellate lawyer subsequently moved to dismiss the appeal, however, on the ground that the time for appeal had expired. The trial court refunded the $250 appeal bond in August 1989, but sent the check which was payable to Morley to the respondent's office. The respondent endorsed the check, "Rodney Bradley for James Morley," and deposited it in his operating account without notifying either Morley or Morley's lawyer.

Morley's lawyer wrote to the respondent on August 28, 1989, and demanded immediate return of the $250. In October 1989, the respondent finally sent Morley a money order for $250, but only after requiring Morley to pay $187 for costs the respondent incurred in hiring a professional legal research firm, which Morley had not agreed to pay.

■ Between August 1986 and October 26, 1988, the respondent took essentially no steps to advance Morley's case or to defend against the motion for summary judgment. Such inaction over a period of two years must be deemed willful misconduct. *People v. Barber*, 799 P.2d 936, 940 (Colo. 1990); *People v. May*, 745 P.2d 218, 220 (Colo. 1987). The board determined, and we agree, that the respondent violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means), and DR 7-101(A)(2) (a lawyer shall not intentionally

fail to carry out a contract of employment entered into with a client). Moreover, the respondent's failure to notify Morley or Morley's lawyer of the receipt of the $250 and his unjustifiable delay in returning the money violated DR 9–102(B)(1) (a lawyer shall promptly notify a client of the receipt of the client's funds or other property), and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

Count III of the first complaint involved the respondent's employment by Bruce and Deborah Kliche to defend them in an action filed by General Motors Acceptance Corporation (GMAC) to collect a deficiency balance on an installment sales contract. The Kliches paid the respondent $320 to represent them, and the respondent filed an answer on their behalf. At a pretrial conference, the attorney for GMAC offered to settle the matter for fifty percent of the amount GMAC was claiming, provided payment was made on or before October 26, 1988, the scheduled date of trial. The GMAC attorney reduced the offer to writing and sent the proposed stipulation to the respondent. The respondent did not communicate the settlement offer to his clients in a meaningful way, did not appear on the date of trial, and did not inform his clients of the trial date. After judgment for the full amount of the claim was awarded to GMAC, the Kliches' bank account and Mr. Kliche's wages were garnished. Because the Kliches were unable to take advantage of GMAC's settlement offer, they have paid, or remain liable for, an amount $2,555 in excess of the settlement offer.

The board concluded that the respondent's conduct in the Kliche matter violated DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(1) (intentional failure to seek the lawful objectives of the client), and DR 7–101(A)(2) (intentional failure to carry out a contract of employment).

In the final count of the complaint filed in No. GC90B–7, the respondent agreed to handle the appeal of a civil action for Larry Robinson. The respondent was paid the agreed-upon fee of $250, and Robinson's check was deposited into the respondent's operating account on December 30, 1988. Although the respondent told Robinson that he had filed a motion for new trial on January 3, 1989, the motion was not filed until February 28, 1989, and it was subsequently denied as untimely. The respondent informed Robinson that Robinson's $250 check had arrived too late to file an appeal and that he was returning the money. The respondent wrote a $250 refund check, dated March 2, 1989, on his operating account. After an acrimonious exchange of correspondence with the respondent concerning his services, Robinson deposited the check in October 1989. The check was returned, stamped "Account Closed." The respondent has since failed and refused to repay the $250.

The hearing board also found that the respondent lied in his testimony to the board in the Robinson matter. The respondent's conduct violated DR 1–102(A)(4), DR 6–101(A)(3), DR 7–101(A)(1), DR 7–101(A)(2), and DR 9–102(B)(4).

■ In No. GC90B–61, the board determined by clear and convincing evidence that between April 1988 and October 1989, the respondent wrote at least thirty checks on two accounts used for law firm and for personal purposes that were returned to the payees because of insufficient funds. Such conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

II

Two members of the hearing board recommended that the respondent be suspended from the practice of law for three years, that he be ordered to pay restitution and costs and to satisfy certain supplementary conditions involving legal education. One member of the board recommended disbarment. The hearing panel accepted the recommendation of the majority of the board. We issued an order to show cause why more severe discipline should not be imposed, and we have now considered the responses filed by both parties.

We find that at least three of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) are relevant to the disposition of this case. *ABA Standards* 4.12 provides that in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." Further, "[s]uspension is generally appropriate when: (a) a lawyer fails to perform services for a client and causes injury or potential injury to a client, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42.

Finally, in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *ABA Standards* 4.62. The hearing board found the existence of the following factors in aggravation: (1) the respondent has received a letter of admonition in a prior disciplinary proceeding, *ABA Standards* 9.22(a); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) the respondent submitted false evidence and made false statements during the disciplinary process, *id.* at 9.22(f); (5) the respondent has refused to acknowledge in any way the wrongful nature of his conduct, *id.* at 9.22(g); (6) several of the complaining witnesses were unsophisticated users of legal services and depended upon the respondent to guide them, *id.* at 9.22(h); (7) the respondent has substantial experience in the practice of law, *id.* at 9.22(i); and (8) the respondent has exhibited an indifferent and at times defiant attitude toward providing restitution, *id.* at 9.22(j).

The board found no factors tending to mitigate the respondent's misconduct, nor do we. Any of the above disciplinary matters taken in isolation might warrant suspension only. The respondent's blatant dishonesty and the number and magnitude of the violations of the Code of Professional Responsibility, however, convince us that more severe discipline is not only appropriate but is necessary to protect the interests of the public. Accordingly, we reject the hearing panel's recommendation of suspension as too lenient under these circumstances, and we order that the respondent be disbarred.

## III

It is hereby ordered that Rodney Wayne Bradley be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is ordered that Bradley pay restitution in the amount of $290 plus statutory interest from October 1, 1988, until paid, to Ron Wright as a condition of readmission. It is further ordered that Bradley pay restitution in the amount of $250 plus statutory interest from December 30, 1988, to Larry Robinson as an additional condition of readmission. It is further ordered that Bradley pay restitution in the amount of $2,555 plus statutory interest from October 26, 1988, to the Kliches as an additional condition of readmission. It is further ordered that Bradley pay the costs of this proceeding in the amount of $5,123.51 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.