The PEOPLE of the State of
Colorado, Complainant,

v.

Charles F. MURRAY, Attorney–
Respondent.

No. 95SA303.

Supreme Court of Colorado,
En Banc.

March 11, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Charles F. Murray, Denver, pro se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be publicly censured, that he make certain restitution, and be assessed the costs of the proceeding. The assistant disciplinary counsel has excepted to the panel's recommendation as too lenient, and the respondent has not filed an answer brief. We agree with the assistant disciplinary counsel that the respondent's misconduct warrants a period of suspension. We therefore order that the respondent be suspended from the practice of law for thirty days, be required to make certain restitution prior to reinstatement, and be assessed costs.

I.

The respondent was admitted to practice law in Colorado in 1964. At the hearing, the board heard testimony from the complainant's witnesses and from the respondent. Based on the testimony and the exhibits introduced into evidence, the board found that the following facts had been established by clear and convincing evidence.[1]

The respondent represented Danny Hancock in a dissolution of marriage proceeding filed by his wife, Patricia Hancock. Permanent orders were entered on March 16, 1989. As part of the dissolution proceeding, $16,065.18, the balance of a settlement paid by his client's former employer, was given to the respondent to hold in trust for payment to creditors and for the payment of the respondent's attorney fees.

The respondent paid the amounts agreed upon to all of the creditors save one, a doctor, who would not settle for less than the full amount due. He also paid himself attor-

---

1. The formal complaint filed by the assistant disciplinary counsel contained two independent counts of misconduct. The hearing board concluded that the charges alleged in the first count had not been proven by clear and convincing evidence and recommended that Count I be dismissed. The assistant disciplinary counsel has not excepted to the board's findings.

ney fees from these funds, with court authorization.

The Hancocks subsequently remarried and they moved to Arizona. They received a notice from a collection agency demanding payment of a debt owed to First Interstate Bank which was to have been paid by the respondent. The Hancocks hired a lawyer in Arizona, Les Miller, who contacted the respondent regarding his distribution of the settlement proceeds and asked him to provide an accounting of all funds received and a description of all expenditures. The respondent was also asked to provide copies of all correspondence sent to or received from the creditors. On July 7, 1992, Miller complied with the respondent's request for a notarized release regarding the documents sought.

Despite several reminders, the respondent did not send the documents requested. On December 8, 1992, Miller advised the respondent that he still had not received the documents and he also asked for front and back copies of all checks issued by the respondent on behalf of the Hancocks.

The respondent did not reply to the December 8 letter, and a request for investigation was filed with the Office of Disciplinary Counsel on April 16, 1993. Although the respondent subsequently provided copies of seven of the eight checks paid to Hancock's creditors in 1989 and 1990, he has never accounted for the legal fees he charged Hancock or provided copies of correspondence with Hancock's creditors.

No payment was ever made to the doctor creditor and the board found that the respondent still maintains an amount in his trust account set aside to pay the doctor.

The Hancocks both suffer from multiple sclerosis and are currently using wheelchairs. Stress is counterproductive to their medical conditions. In addition, the Hancocks owe Miller $5,421.07 for his services in connection with his attempts to obtain an accounting from the respondent and with this disciplinary matter.

The hearing board determined that the foregoing conduct, which occurred both before and after the effective date of the Rules of Professional Conduct, January 1, 1993,

violated DR 6–101(A)(3) and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer); R.P.C. 1.4(a) (failure to communicate with a client); as well as DR 9–102(B)(3) and R.P.C. 1.15(b) (failure to render a full accounting regarding client funds upon request).

## II.

■ The hearing panel approved the factual findings and conclusions of the board, and recommended that the respondent be publicly censured and be required to pay restitution to the Hancocks in the amount of $5,421.07, the amount the Hancocks owe to Miller. The assistant disciplinary counsel has excepted to the panel's recommendation as too lenient, asserting that a suspension of thirty days is more appropriate, with the condition that the respondent be required to pay restitution prior to reinstatement.

The respondent has not filed an answer brief in this court, or any other document. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. On the other hand, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

The board found that the following aggravating factors were present: the respondent has been previously disciplined by an admonition in 1983 and a private censure in 1986, both for failing to provide requested information, *id.* at 9.22(a); a pattern of misconduct, *id.* at 9.22(c); the respondent has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); the Hancocks were especially vulnerable due to their medical conditions, *id.* at 9.22(h); substantial experience in the practice of law, *id.* at 9.22(i); and the

respondent is indifferent to making restitution, *id.* at 9.22(j). In mitigation, the board determined that the respondent lacked a dishonest or selfish motive, *id.* at 9.32(b); the existence of personal problems, *id.* at 9.32(c); the respondent has cooperated in the proceedings before the grievance committee, *id.* at 9.32(e); and the prior disciplinary offenses are remote in time, *id.* at 9.32(m).

■ The respondent failed to comply with the Hancocks' requests for an accounting and information over a period of years. Inaction over such a period of time must be deemed to be willful, not merely negligent. *E.g., People v. Bradley,* 825 P.2d 475, 476–77 (Colo.1992) (lawyer's inaction over a period of two years deemed willful misconduct); *People v. Williams,* 824 P.2d 813, 814 (Colo.1992) (continued and chronic neglect over extended periods of time must be considered willful); *People v. May,* 745 P.2d 218, 220 (Colo.1987) (same). After weighing the seriousness of the respondent's misconduct, together with the aggravating and mitigating circumstances, and considering the respondent's nonparticipation in the proceedings in this court, we conclude that a short period of suspension, coupled with restitution, is warranted. *See People v. Combs,* 805 P.2d 1115, 1116 (Colo.1991) (lawyer's neglect of marriage dissolution action, failure to seek the client's lawful objectives and to carry out a contract of employment, and failing to refund unearned fees warrants forty-five day suspension and restitution requirement).

### III.

Accordingly, it is hereby ordered that Charles F. Murray be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that, prior to reinstatement and as a condition of reinstatement, Murray make restitution in the amount of $5,421.07 to Danny and Patricia Hancock. It is further ordered that the respondent pay the costs of this proceeding in the amount of $2,589.90 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee,

600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202–5435.

