The PEOPLE of the State of
Colorado, Complainant,

v.

Ronald Charles WILLIAMS,
Attorney–Respondent.

No. 96SA27.

Supreme Court of Colorado,
En Banc.

April 22, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Ronald Charles Williams, Denver, Pro Se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended from the practice of law for three months. The assistant disciplinary counsel has not excepted to the panel's action. The respondent's exceptions were stricken because he did not request the court reporter to prepare a transcript of the proceedings or file a designation of record, as required under C.R.C.P. 241.20(b)(4). *People v. Butler,* 875 P.2d 219, 219 (Colo.1994). We accept the recommendation of the hearing panel and order that the respondent be suspended for three months and pay the costs of the proceeding.

### I.

The respondent was admitted to the Colorado bar in 1979. Because he defaulted before the hearing board, the allegations of fact contained in the formal complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found

that the following had been established by clear and convincing evidence.

Around March 1990, Curtis Nelson retained the respondent to obtain a patent on Nelson's behalf. The patent application was filed with the United States Patent Office on July 13, 1990. On or about March 1, 1991, the Patent Office sent the respondent an "office action," which is a request for additional information concerning the patent application. The respondent did not file the required response, nor did he file a request for an extension of time. As a result, the patent application was deemed abandoned.

In May 1992, Nelson telephoned the respondent concerning the status of his patent application, and he learned that his application was deemed abandoned. The respondent subsequently assured Nelson's niece, who is a lawyer, that he would resolve any problems with the application. Nevertheless, the respondent took no further action.

Nelson then hired another lawyer, who filed a petition to revive the patent application. The petition alleged gross negligence and concealment by the respondent. The petition was granted.

On April 25, 1992, judgment was entered in the amount of $24,250.96 compensatory damages and $3,000 in punitive damages, against the respondent in favor of Nelson, in a legal malpractice action. The board concluded that the respondent has taken no action to satisfy this judgment.

The foregoing conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), as well as C.R.C.P. 241.6(4) (any act or omission which constitutes gross negligence, if committed by the lawyer in the capacity of a lawyer).

## II.

▮▮▮ The panel approved the board's recommendation that the respondent be suspended for three months. The presence of harm to the respondent's client is demonstrated by the legal malpractice judgment against the respondent, which he has not satisfied. Further, since the respondent's neglect occurred over an extended period of time it must be deemed willful. *E.g., People*

*v. Bradley,* 825 P.2d 475, 476–77 (Colo.1992) (lawyer's inaction over a period of two years deemed willful misconduct).

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The board determined that the following aggravating factors were present: that the respondent has a prior record of private discipline, *id.* at 9.22(a); a dishonest or selfish motive on the respondent's part by representing to his client that he would take further action, then failing to do so, *id.* at 9.22(b); bad faith obstruction of the disciplinary process by failing to appropriately participate in the proceedings, *id.* at 9.22(e); substantial experience in the practice of law, *id.* at 9.22(i); and indifference to making restitution, *id.* at 9.22(j).

Were it not for the factors in mitigation, a longer period of suspension than three months would be warranted. The hearing board found that the respondent has demonstrated good character by his *pro bono* and low fee representation of indigent senior citizens, and by his volunteer activities with various community organizations. *Id.* at 9.32(g). He has been the subject of other penalties by way of the malpractice judgment against him, *id.* at 9.32(k), and has expressed remorse for his misconduct, *id.* at 9.32(*l* ). The respondent testified that he suffers from medical problems that affect his ability to work on a full-time basis. *Id.* at 9.32(h) (physical disability is a mitigating factor).

Considering the seriousness of the misconduct and the resulting harm to the client, together with the factors in aggravation and mitigation, we conclude that a three-month suspension from the practice of law is an adequate disciplinary sanction. Accordingly, we accept the panel's recommendation.

### III.

It is hereby ordered that Ronald Charles Williams be suspended from the practice of law for three months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). The respondent is further ordered to pay the costs of this proceeding in the amount of $173.46 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.