The PEOPLE of the State of Colorado, Complainant,

v.

Richard N. GONZALES, Attorney–Respondent.

No. 96SA233.

Supreme Court of Colorado, En Banc.

Aug. 19, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Arthur S. Nieto, Denver, for Attorney–Respondent.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation,

agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended the imposition of either a private censure or a public censure. The inquiry panel recommended a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1977. The conditional admission states that Mike Connors was involved in an automobile accident with Arthur Miller in February 1989. Connors hired the respondent to represent him.

A

While the automobile accident dispute was ongoing, Miller and his wife retained the respondent to represent them in the filing of a Chapter 7 bankruptcy petition. The respondent filed the bankruptcy petition in August 1991 without notifying either Miller or Connors of his simultaneous dual representation, and he did not list Connors as a creditor in the Miller bankruptcy. The Connors action against Miller was filed on January 14, 1992. The respondent now admits that he simultaneously represented Connors and Miller when it was obvious that he could not adequately represent the interests of both. Moreover, he failed to fully advise either of his clients of the effect that such multiple representation would have on his ability to exercise independent professional judgment on their behalf. The foregoing conduct violated DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be affected by the acceptance of the proffered employment, or which would be likely to involve the lawyer in representing differing interests, unless it is obvious the lawyer can represent the interests of each client, and both clients consent after full disclosure).

B

After he withdrew from his representation of Connors in the automobile accident case, Connors' insurer filed an action against Connors to recover benefits the insurer had paid while Connors was also receiving unemployment benefits. The lawyer who represented Connors in that case then filed a legal malpractice action against the respondent alleging that the respondent's inadequate legal advice caused Connors to retain those benefits.

In a letter to Connors' new lawyer, dated February 15, 1994, the respondent expressed his shock that the malpractice action was filed before undertaking a complete factual investigation. The respondent's letter continued: "As a result of your actions, I will file a grievance against you with the Colorado Supreme Court.... If the case is not dismissed, with prejudice, immediately, I plan to file the grievance mentioned above."

The respondent admits that in the letter to Connors' lawyer, he threatened to present disciplinary charges to obtain an advantage in a civil action, in violation of R.P.C. 4.5 (a lawyer shall not threaten to present criminal, administrative or disciplinary charges to obtain an advantage in a civil action nor shall a lawyer present or participate in presenting criminal, administrative or disciplinary charges solely to obtain an advantage in a civil matter).

II

In the conditional admission, the respondent consented to the imposition of either a private or a public censure. The inquiry panel recommended a public censure. The assistant disciplinary counsel indicates that because the Miller bankruptcy was deemed a no-asset Chapter 7, the Connors' claim, which did not come within an applicable exception, was discharged even though Connors was not listed as a creditor. Ultimately, Connors was successful in negotiating a settlement with Miller's insurer, and the respondent's failure to disclose the conflict of interest resulted in no actual harm to Connors.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provide that, in the absence of aggravating or mitigating factors, a public censure

is warranted if the lawyer is at most "negligent in determining whether the representation of a client ... will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33. *See People v. Odom,* 829 P.2d 855, 857–58 (Colo.1992) (lawyer publicly censured where his representation of multiple clients presenting conflicts of interest was done negligently rather than knowingly). On the other hand, a private censure is "appropriate when a lawyer engages in an isolated instance of negligence in determining whether the representation of a client ... will adversely affect another client, and causes little or no actual or potential injury to a client." *Id.* at 4.34.

Aggravating factors include a prior letter of admonition in 1984 for unrelated misconduct, *id.* at 9.22(a); a dishonest or selfish motive, *id.* at 9.22(b); multiple offenses, *id.* at 9.22(d); and substantial experience in the practice of law, *id.* at 9.22(i). In mitigation, the assistant disciplinary counsel states that the respondent made full and free disclosure during the disciplinary proceedings, *id.* at 9.32(e); and the prior offense is remote in time, *id.* at 9.32(m).

Because of the multiple offenses and the respondent's previous discipline, we conclude that public discipline is appropriate. We therefore accept the conditional admission and the inquiry panel's recommendation.

## III

Accordingly, it is hereby ordered that Richard N. Gonzales be publicly censured. It is also ordered that the respondent pay the costs of this proceeding in the amount of $48.93 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.