**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ronald Charles WILLIAMS, Attorney–Respondent.**

**No. 97SA98.**

Supreme Court of Colorado, En Banc.

April 28, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Gary M. Jackson, Denver, for Attorney–Respondent.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The parties agreed to the imposition of either a private or public censure. In approving the conditional admission, an inquiry panel of the supreme court grievance committee recommended a public censure. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was licensed to practice law in Colorado in 1979. The conditional admission provides as follows. The respondent represented Bill Mahoney in a breach of contract action against the United States Department of Housing and Urban Development. The respondent originally filed the complaint in Denver County Court, from which it was removed to Denver District Court, and then removed again to the United States District Court for the District of Colorado. On January 26, 1996, the federal district judge entered an order transferring the case to the United States Court of Federal Claims.

The court of federal claims notified the respondent on April 8, 1996, that he needed to file an amended complaint and to seek admission to the court of federal claims by May 6, 1996. The respondent did not reply to this notice. The respondent was attempting to settle the case, but when that appeared unlikely in April 1996, he advised his client to retain counsel in Washington, D.C., where the court is located.

On April 22, 1996, the respondent was suspended from the practice of law for three months, effective thirty days later, or May 22, 1996. *See People v. Williams*, 915 P.2d 669, 671 (Colo.1996). Seven to ten days before the suspension became effective, the respondent orally notified Mahoney that he had been suspended but did not provide his client with the required written notice by certified mail until the effective date. *See* C.R.C.P. 241.21(b).

The court of federal claims judge issued an order on May 8, 1996, allowing the respondent fifteen days to apply for admission to the court or the complaint would be dismissed for failure to prosecute. Two weeks later, the respondent sent a letter to Mahoney indicating that he had located counsel in Washington, D.C., willing to take the case, but Mahoney did not hire that lawyer. The letter did not advise Mahoney of the necessity of filing an amended complaint or the consequences if one was not filed. On May 28, 1996, the court of federal claims dismissed Mahoney's complaint for failure to prosecute.

Mahoney subsequently retained a new lawyer who succeeded in having his claims reinstated. The respondent agreed to write off $1,500 in attorney fees that Mahoney had incurred in another matter the respondent handled for him.

The respondent stipulated that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); and Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation).

II

The respondent and the complainant agreed to the imposition of either a private or public censure. The inquiry panel recommended a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provides that, in the absence of aggravating or mitigating factors, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. On the other hand, a private censure

"is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. Because his claims were ultimately reinstated, Mahoney may have suffered only little actual injury. The *potential* injury to the respondent's client cannot be characterized as "little," however.

The most significant aggravating factor is the respondent's prior discipline. *See id.* at 9.22(a) (previous discipline is an aggravating factor). He received a letter of admonition in 1990. He received a second letter of admonition in 1992, for neglect, and his 1996 suspension was for neglecting a patent matter. *See Williams,* 915 P.2d at 670. In mitigation, the respondent did not have a dishonest or selfish motive in this case, *see id.* at 9.32(b); he has made a timely good faith effort to rectify the consequences of his misconduct, *see id.* at 9.32(d); he demonstrated a cooperative attitude toward these proceedings, *id.* at 9.32(e); and he has expressed remorse for the misconduct, *see id.* at 9.32(*l* ).

The majority of the court concludes that private discipline is foreclosed in this case by the respondent's prior disciplinary history. *See People v. Bonner,* 927 P.2d 836, 837 (Colo.1996). Some members of the court, however, would have imposed a private censure. Accordingly, we have decided to accept the conditional admission and the inquiry panel's recommendation.

## III

Ronald Charles Williams is hereby publicly censured. It is ordered that the respondent pay the costs of this proceeding in the amount of $95.55 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.