The PEOPLE of the State of Colorado, Complainant,

v.

Edward Steven WAITKUS, Attorney–Respondent.

No. 98SA164.

Supreme Court of Colorado, En Banc.

July 27, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Edward Steven Waitkus, Boulder, Pro Se.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of mis-

conduct in this lawyer discipline case. *See* C.R.C.P. 241.18. The conditional admission recommended discipline in the range of a public censure to a thirty-day suspension from the practice of law. The inquiry panel recommended a public censure. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent, Edward Steven Waitkus, was admitted to practice law in this state in 1984. The conditional admission provides that Kathy Jones hired Waitkus in February 1994 to represent her regarding an automobile accident that had occurred the previous month. For the next eighteen months, Waitkus engaged in discovery while Jones continued to be treated by her physician. In August 1995, Waitkus and the insurance company, State Farm, tried to negotiate a settlement. State Farm eventually offered $1,500, but Waitkus told his client that he thought the insurer would pay $2,000 plus her medical bills.

State Farm refused to pay more than $1,500. Without his client's authorization, Waitkus finally accepted the $1,500 amount. He told Jones, however, that he had settled for $2,000.

On December 1, 1995, State Farm issued a check payable to Edward Waitkus and Kathy Jones in the amount of $1,500. Waitkus copied the check; changed the amount from $1,500 to $2,000; and changed payees from Kathy Jones *and* Edward Waitkus to Kathy Jones *or* Edward Waitkus. He put the altered copy in his desk drawer. On January 3, 1996, Waitkus delivered to Jones a check for $2,000 drawn on his operating account. He also paid the remaining $500 balance on a bill to one of her treating physicians. About January 19, he negotiated the original $1,500 State Farm check by signing his own name and Jones's name as endorsements and he deposited it into his law firm account.

Over the next few months, Jones called Waitkus's law firm asking for copies of the settlement agreement. She finally spoke with his secretary who told her that she found a copy of the settlement check in Waitkus's desk. The secretary sent a copy of the check to Jones.

The request for investigation in this case was filed in July 1996. Jones has since signed a properly executed release from State Farm. As it turned out, Jones received $1,500 more from Waitkus than she would have if she had authorized him to settle for $1,500 originally: the $500 difference between $2,000 and $1,500; Waitkus waived his one-third contingency fee ($500); and he paid $500 to her treating physician.

Waitkus has admitted that the foregoing conduct violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, deceit, and misrepresentation); and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the fitness to practice law).

## II.

The conditional admission states that either a public censure or thirty-day suspension would be appropriate. The inquiry panel recommended a public censure.

This case presents unique circumstances. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) states that "[s]uspension is generally appropriate when a lawyer *knowingly* deceives a client, and *causes injury or potential injury* to the client." ABA *Standards* 4.62 (emphasis added). On the other hand, ABA *Standards* 4.63 provides that a public censure "is generally appropriate when a lawyer *negligently* fails to provide a client with accurate or complete information, and *causes injury or potential injury* to the client." (Emphasis added.)

When he altered the settlement check, Waitkus *knowingly* deceived his client. However, the facts contained in the conditional admission indicate that the client was not injured by the deception. The closest standard is thus 5.13, which provides that a public censure "is generally appropriate when a lawyer knowingly engages in any other [non-criminal] conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *Id.* at 5.13.

Significant mitigating factors convince us that a suspension is not warranted in this case. Waitkus has not been previously disciplined in over thirteen years of practice. *See id.* at 9.32(a). In addition, the complainant states that at the time of the misconduct, Waitkus "was going through tremendous personal and emotional problems." *See id.* at 9.32(c). We therefore have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

We hereby publicly censure Edward Steven Waitkus for his professional misconduct. We also order that Waitkus pay the costs of this proceeding in the amount of $49.03 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

SCOTT, J., does not participate.