**The PEOPLE of the State of Colorado, Complainant,**

v.

**David L. KOLKO, Attorney–Respondent.**

**No. 98SA198.**

Supreme Court of Colorado,
En Banc.

Aug. 10, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

David L. Kolko, Pro Se, Evergreen.

PER CURIAM.

In this lawyer discipline case, the complainant and the respondent, David L. Kolko, executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. Kolko agreed to either a private or public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended a public censure. We accept the conditional admission and the inquiry panel's recommendation.

### I.

Kolko was licensed to practice law and admitted to the bar of this court in 1988. The conditional admission provides the following facts. Jane Carmichael retained Kolko to represent her in a civil action filed against her in Jefferson County Court. The complaint alleged that Carmichael had failed

to pay a debt owed to the plaintiff, Christopher Jenkins. Carmichael, acting pro se, had filed an answer, a counterclaim, and a jury demand before she hired Kolko. Her counterclaim was dismissed on the plaintiff's motion.

After Kolko was retained, the trial date was reset for March 16, 1996. On December 18, 1995, Kolko and the plaintiff's lawyer were ordered to submit proposed jury instructions at least ten days before trial. Counsel for the plaintiff filed proposed jury instructions on February 21, 1996, and sent Kolko a copy. Kolko failed to file proposed instructions before trial, but did submit a proposed jury instruction on the day of trial. Kolko states that he was going to adopt most of the plaintiff's proposed instructions. He did adopt most of the plaintiff's proposed instructions on the day of trial and he also tendered an instruction pertaining to a "holder in due course."

On her own motion, the county court judge decided to hear the case without a jury. While the conditional admission is silent as to the basis for the judge's ruling, in his response to the request for investigation, Kolko states that the judge struck the jury because Kolko failed to file proposed jury instructions at least ten days before trial.

At the conclusion of the bench trial, the judge entered judgment against Carmichael in the amount of $2,000. Kolko had until April 1, 1996 to file a notice of appeal to the district court. Kolko subsequently requested and was granted an extension of time to April 19 to file the notice of appeal. Kolko's second motion for an extension of time was also granted through April 26. He filed the notice of appeal on that date and deposited an appeal bond in the amount of $2,500. However, Kolko failed to submit a designation of record and he did not docket the appeal in the district court as required by C.R.C.P. 411. The plaintiff's lawyer therefore filed a motion to dismiss the appeal. Kolko did not respond to the motion, which was granted. The county court also ordered that $2,187.85 be paid to the plaintiff out of the appeal bond. The conditional admission indicates that Kolko has paid this judgment himself and he has refunded to Carmichael the attorney fees she paid him.

Kolko has admitted that his failure to prepare and tender proposed jury instructions and to perfect the appeal violated Colo. RPC 1.1 (failing to provide competent representation), and Colo. RPC 1.3 (neglecting a legal matter).

## II.

The conditional admission authorizes the imposition of either a private or public censure. The inquiry panel recommended a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), provides that, in the absence of aggravating or mitigating factors, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. On the other hand, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. Since Kolko ultimately paid the judgment and refunded his attorney fees, Carmichael may have suffered little or no actual injury. However, the potential for injury was real since Carmichael lost her right of a jury trial and review on appeal due to Kolko's inaction. *See People v. Williams*, 936 P.2d 1289, 1291 (Colo.1997).

In addition, private discipline is foreclosed in this case because of Kolko's prior discipline. *See id.* He received letters of admonition in 1993 and 1996. *See* ABA *Standards* at 9.22(a) (previous discipline is an aggravating factor). The 1996 admonition was for neglect of a legal matter, a violation repeated in this case. In mitigation, Kolko did not have a dishonest or selfish motive, *see id.* at 9.32(b); he has made a timely, good faith effort to rectify the consequences of his misconduct, *see id.* at 9.32(d); he demonstrated a cooperative attitude toward these proceedings, *see id.* at 9.32(e); and he has expressed remorse for the misconduct, *see id.* at 9.32(*l* ).

Accordingly, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III.

David L. Kolko is hereby publicly censured. It is ordered that Kolko pay the costs of this proceeding in the amount of $48.00 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.