The PEOPLE of the State of
Colorado, Complainant,

v.

Sandra D. HOCKLEY, Attorney–
Respondent.

No. 98SA400.

Supreme Court of Colorado,
En Banc.

Nov. 2, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, Colorado, Attorneys for Complainant.

Jill Perry Fernandez, Longmont, Colorado, Attorney for Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case. The respondent, Sandra D. Hockley, and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended a private or a public censure, with conditions. When the inquiry panel of the grievance committee approved the conditional admission, the panel recommended a public censure. We accept the conditional admission as well as the inquiry panel's recommendation and hereby publicly censure the respondent.

I.

Sandra D. Hockley was admitted to practice law in this state in 1990. The conditional admission provides that Hockley was retained by Lois Tomlinson on January 26, 1993 to represent her in a slip and fall that had occurred on January 15, 1993. Tomlinson had fallen on snow and ice on her way to work and injured her shoulder. Tomlinson underwent surgery on her shoulder and accrued over $20,000 in medical bills which were paid by her health insurer.

The building where Tomlinson worked was owned by a partnership and managed by another entity. The building owners were insured by CIGNA. There were two snow removal firms who contracted with the management company to remove snow around the building, and both of these firms were insured. Hockley set out to exhaust all of the settlement options before filing an action.

Hockley negotiated an advance of $5,000 from CIGNA in July 1993. The insurer subsequently demanded a full release in exchange for the $5,000, and Tomlinson accepted the money and released CIGNA and the building owners from liability. During the summer of 1994, Hockley negotiated with the insurers for the snow removal firms. In September or October 1994, she informed her client that there had been no further progress on reaching a settlement, and that maybe a complaint should be filed.

Hockley prepared the complaint and had her secretary file it on February 14, 1995, after the statute of limitations had run. On February 17, 1995, Hockley told Tomlinson that she had filed the complaint too late and advised her to seek independent legal counsel. In response, Tomlinson initiated a malpractice claim against the respondent. Hockley had a professional liability insurance policy and has settled the legal malpractice claim against her.

Hockley stipulated that by allowing the statute of limitations to run on her client's personal injury claim, she neglected a legal matter entrusted to her, thereby violating Colo. RPC 1.3.

## II.

The conditional admission authorizes the imposition of either a private or public censure with conditions. The inquiry panel recommended a public censure. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provides that, in the absence of aggravating or mitigating factors, a public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. On the other hand, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. While respondent has settled her malpractice claim with her client and respondent's professional liability carrier has compensated Tomlinson for the resultant harm, it cannot be said that Tomlinson did not suffer any actual injury. The injury posed by allowing the statute of limitations to lapse on a client's legal claim cannot be characterized as non-existent nor as "little." See *People v. Williams*, 936 P.2d 1289, 1291 (Colo.1997) (rejecting argument that because client's claim was eventually reinstated after it was dismissed because of the lawyer's negligence, the client suffered little potential injury).

By way of mitigation, Hockley has not been previously disciplined, *see* ABA *Standards* 9.32(a), and at the time of the misconduct she was suffering from a medical impairment, *see id.* at 9.32(h). Specifically, according to a doctor's report attached to the conditional admission, Hockley's treating physician indicated that the medical condition "could have contributed to Ms. Hockley's inability to act with reasonable diligence on behalf of her then client, Lois Tomlinson." The complainant alleges no aggravating factors.

Taking these mitigating factors into account, we agree with the inquiry panel that public discipline is appropriate. Hockley's negligence caused her client harm, albeit the client was compensated for the harm by the respondent's insurance carrier. Even if her medical condition was, in part, the cause, the resultant harm weighs in favor of a public censure. Accordingly, we accept the conditional admission and the inquiry panel's recommendations. However, at least two members of the court would have imposed a lesser sanction of private censure.

## III.

Sandra D. Hockley is hereby publicly censured. She is also ordered to comply with the following conditions:

No less than quarterly during one year from the date of this opinion, Hockley will have her medical condition reviewed by a licensed physician. This physician shall report quarterly to the Office of Disciplinary Counsel, or its successor entity, concerning Hockley's medical condition and will report to the Office of Disciplinary Counsel, or its successor entity, any problems the physician identifies with Hockley's ability to continue practicing law as a result of her medical condition.

Finally, Hockley is ordered to pay the costs of this proceeding in the amount of $53.47 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435, within thirty days of the date of the opinion.