**The PEOPLE of the State of Colorado, Complainant**

v.

**Judith Anne EATON, Respondent.**

### No. 09PDJ099.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 23, 2010.

## DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *ISSUE AND SANCTION*

Respondent failed to represent two separate clients with reasonable diligence and promptness, neglected to keep those clients reasonably informed, failed to hold a client's property separate from her own property, and misrepresented facts to a client. In some instances, Respondent knew or should have known of her misconduct, while in other instances Respondent acted negligently, at the least. Through her conduct, Respondent caused her clients serious injury or potential injury. Suspension is generally appropriate in such circumstances.

Respondent has not participated in the disciplinary proceedings brought against her, and the Court is aware of only one factor that mitigates Respondent's conduct. After considering the nature of Respondent's misconduct and its consequences, the significant aggravating factors, and the paucity of countervailing mitigators, the Court finds the appropriate sanction for Respondent's misconduct is suspension for two years.

### II. *PROCEDURAL HISTORY*

On November 18, 2009, the People filed a complaint alleging that Respondent violated several Rules of Professional Conduct. Respondent failed to answer the complaint, and the Court granted a motion for default on March 18, 2010. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations

established by clear and convincing evidence.[1]

## III. *ESTABLISHED FACTS AND RULE VIOLATIONS*

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[2] Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on July 17, 1985. She is registered upon the official records, Attorney Registration No. 14783, and is therefore subject to the jurisdiction of the Court pursuant to C.R.C.P. 251.1.

### The Joyce Washington Matter

Joyce Washington ("Washington") retained Respondent in the summer of 2005 to represent her in connection with injuries she suffered in an automobile accident. Respondent agreed to handle Washington's case on a contingency fee basis.

On or about July 9, 2007, Respondent filed a complaint in Denver County District Court on Washington's behalf. In or around March 2008, Washington signed a settlement agreement in that case. On or about April 10, 2008, Respondent and the opposing counsel filed—and the court approved—a stipulation that dismissed Washington's case with prejudice. Although Respondent signed the stipulation as Washington's attorney, Respondent did not advise Washington of this event, and Washington did not know the stipulation had been filed.

On or about June 3, 2008, the opposing counsel sent Respondent a settlement check for $10,000.00 made payable to Respondent's law office and to Washington. Respondent never advised Washington that she had received these funds. Respondent did not give any portion of the $10,000.00 check to Washington. Neither did Respondent cash the check.

In February 2009, Washington attempted to contact Respondent to check on the status of her case. Respondent's telephone was temporarily disconnected. When Washington called Respondent in early March 2009, a recording stated that the number was disconnected and no longer in use.

On March 20, 2009, Washington sent Respondent a certified letter regarding her attempts to contact Respondent. The letter noted that Washington had not heard from Respondent since early June 2008. The post office returned the letter as unclaimed.

Respondent violated several Rules of Professional Conduct through the course of her representation of Washington. First, Respondent violated Colo. RPC 1.3, which requires lawyers to represent clients with reasonable diligence and promptness. Respondent transgressed this rule by failing to disburse any portion of the settlement to Washington. Next, Respondent violated Colo. RPC 1.4(a)(3), which requires lawyers to keep a client reasonably informed about the status of a matter. Respondent breached this rule by failing to (a) advise Washington of the stipulation; (b) notify Washington of receipt of the settlement check; and (c) respond to Washington's requests for status updates. Third, Respondent violated Colo. RPC 1.15(a), which requires lawyers to hold property of clients that is in the lawyer's position in connection with a representation separate from the lawyer's own property. Respondent failed to deposit the settlement check into a trust account and never obtained Washington's consent to hold the settlement check in another manner.

### The Christine and Alfonso Valdez Matter

Respondent represented Christine Valdez ("Valdez") in her injury claims relating to an automobile accident that took place in August 2003. Respondent filed a complaint on Valdez's behalf on August 14, 2006.

On May 4, 2007, the court ordered that Respondent had sixty days to serve and file returns of service on the defendants. The court further provided that failure to comply with the order would result in dismissal of the case without prejudice. Respondent did

---

1. *See People v. Richards*, 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

2. *See* the People's complaint in 09PDJ099 for further detailed findings of fact.

not file returns of service with the court or otherwise respond to the court's order, and the court dismissed Valdez's case on August 3, 2007. The statute of limitations precluded re-filing of the case.

Notwithstanding the dismissal of Valdez's case and the applicable statute of limitations, Respondent represented to Valdez as late as November 6, 2008, that Respondent was still pursuing the claim and that a trial date would be set. Valdez heard nothing from Respondent regarding this matter after November 6, 2008.

In her representation of Valdez, Respondent violated several rules. First, Respondent violated Colo. RPC 1.3 by neglecting to serve and file returns of service on the defendants in Valdez's case. Second, Respondent violated Colo. RPC 1.4(a)(3) by failing to advise Valdez that (a) Respondent had failed to serve and file returns of service; (b) Respondent had failed to respond to the court's order of May 4, 2007; and (c) the court had subsequently dismissed Valdez's case. Respondent also breached this rule by failing to communicate with Valdez after November 6, 2008. Lastly, Respondent violated Colo. RPC 8.4(c), which bars lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent misrepresented facts by informing Valdez that Respondent was still pursuing Valdez's injury claim after that case had been dismissed.

## IV. *SANCTIONS*

The ABA Standards for Imposing Lawyer Sanctions ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[3] In selecting a sanction after a finding of lawyer misconduct, the Court must consider the duty violated; the lawyer's mental state; the actual or potential injury caused by the lawyer's misconduct; and the existence of aggra-

vating and mitigating evidence pursuant to ABA *Standard* 3.0.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* The complaint, as referenced by the order of default, establishes that Respondent violated a duty to her clients. That duty arises out of the nature of the basic relationship between the lawyer and the client.[4] Specifically, Respondent acted without the requisite reasonable diligence and promptness, did not keep clients reasonably informed about the status of their matters, failed to properly preserve a client's property, and misrepresented facts to a client.

*Mental State:* With regard to Colo. RPC 1.3, Respondent was negligent, at the least, in failing to disburse the settlement funds to Washington and in neglecting to file returns of service in Valdez's case. With respect to Respondent's violation of Colo. RPC 1.4(a)(3), the complaint explicitly establishes that Respondent knew or should have known that she did not keep either Washington or Valdez adequately informed.[5] Next, the evidence indicates that Respondent was negligent, at a minimum, in failing to deposit Washington's settlement funds in an appropriate trust account, as required by Colo. RPC 1.15(a). It is unclear whether Respondent knew she did not appropriately safeguard Washington's money. Finally, the complaint expressly establishes that Respondent knew she was making a false representation to Valdez regarding the status of Valdez's case, or was at least reckless in failing to determine whether that statement was true.

*Injury:* Respondent's misconduct caused serious injury to her clients. As of the date of the Sanctions Hearing, Washington still had not received the settlement funds owed to her, even though the settlement was reached two years earlier. Valdez was seriously injured by Respondent's failure to serve returns of service; as a result of Re-

---

3. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

4. *See* ABA *Standard* 4.0.

5. *See* ABA *Standards, Definitions.* "Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result.

spondent's conduct, Valdez's case was dismissed and could not be re-filed due to the statute of limitations. On a less tangible level, both Washington and Valdez testified at the Sanctions Hearing that they had lost trust in the legal system as a result of Respondent's misconduct.

### ABA *Standard* 3.0—Aggravating & Mitigating Factors

██ Aggravating circumstances include any considerations or factors that may justify an increase in the degree of discipline to be imposed.[6] Mitigating circumstances include any considerations or factors that may justify a reduction in the degree of discipline to be imposed.[7] In this case, Respondent has not participated in the disciplinary proceedings, and the Court is aware of only one mitigating circumstance. The Court considered evidence of the following aggravating and mitigating circumstances in deciding the appropriate sanction.

*Prior Disciplinary Offenses—9.22(a):* Respondent was suspended in 1992 for one year and one day for neglect, and the Court notes the similarity between that offense and Respondent's conduct here. Nevertheless, Respondent's prior disciplinary offense, which took place eighteen years ago, qualifies as remote in time, itself a mitigating factor.[8] Because these two considerations offset one another, the Court accords neither any weight in determining the appropriate sanction in this case.

██ *Dishonest or Selfish Conduct— 9.22(b):* As established by the order of default, Respondent had a selfish motive in falsely informing Valdez that she was still pursuing Valdez's claim. Respondent's motive was to cover her lack of diligence, her failures to communicate, and her prior abandonment of this matter.

*Pattern of Misconduct—9.22(c):* Respondent's treatment of Washington and Valdez,

combined with her prior history of neglect, represents a pattern of neglect.

*Multiple Offenses—9.22(d):* In the course of representing Washington and Valdez, Respondent violated four Rules of Professional Conduct.

*Substantial Experience in the Practice of Law—9.22(i):* Respondent was admitted to the bar in 1985. Therefore, she has substantial experience in the practice of law.[9]

### Analysis Under ABA *Standards* and Colorado Case Law

██ As noted above, the order of default established that Respondent violated Colo. RPC 1.3, 1.4(a)(3), 1.15(a), and 8.4(c). With respect to Respondent's violation of Colo. RPC 1.3 and 1.4(a)(3), ABA *Standard* 4.42 provides that suspension is generally appropriate when a lawyer causes injury or potential injury to a client by knowingly failing to perform services for a client or engaging in a pattern of neglect. ABA *Standard* 4.13 provides the relevant presumptive sanction for Respondent's violation of Colo. RPC 1.15(a): reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to the client. In relation to Respondent's violation of Colo. RPC 8.4(c), ABA *Standard* 4.62 provides that suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

The ABA *Standards* provide that, in cases involving multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might well be and generally should be greater than the sanction for the most serious misconduct." [10]

Colorado Supreme Court case law applying the ABA *Standards* also holds that suspension is appropriate in cases similar to this

---

6.  *See* ABA *Standard* 9.21.

7.  *See* ABA *Standard* 9.31.

8.  *See* ABA *Standard* 9.32(m). *See also, e.g., People v. Gonzales,* 922 P.2d 933, 935 (Colo.1996); *People v. Murray,* 912 P.2d 554, 556 (Colo.1996).

9.  *See In re Thompson,* 991 P.2d 820, 823 (Colo. 1999).

10. *See* ABA *Standards* § II at 7.

one. The Colorado Supreme Court's decision in *People v. Schaefer* provides particularly relevant precedent.[11] In that case, the attorney mishandled a client's real property matter in several ways: he failed to follow his client's directions, refused to refund money owed to his client, and kept funds obtained through a closing in his operating account.[12] Further, the attorney intentionally failed to carry out a contract of employment entered into with a client and intentionally prejudiced or damaged his client.[13] Several aggravating factors were present, including a prior disciplinary record, but no mitigating factors were found.[14] The Colorado Supreme Court determined that a two-year suspension was the appropriate sanction.[15]

Here, Respondent's misconduct is comparable to the misconduct in *Schaefer*. The lack of intentional misconduct on Respondent's part is counterbalanced by her abandonment of two separate clients. In addition, the relevant aggravating factors and the paucity of mitigating factors are similar in this case and in *Schaefer*.

Although significant mitigating factors may overcome the presumption of suspension,[16] evidence of mitigating factors is minimal here. Meanwhile, the Court is significantly influenced by Respondent's multiple offenses and the dishonest nature of her conduct.

## V. *CONCLUSION*

Respondent's misconduct is troubling because it has resulted in real injury to both of her clients: it delayed Washington's receipt of her settlement funds for two years and precluded Valdez from pursuing her personal injury claim. Moreover, because Respondent abandoned her duties to Washington and Valdez, their confidence in the legal system has eroded. In addition, the Court is concerned that Respondent has not cooperated or participated in any manner in the disciplinary proceedings. In light of Respon-

dent's misconduct and the need to protect the public from future instances of such behavior, the Court concludes Respondent should be suspended from the practice of law for two years.

## VI. *ORDER*

The Court therefore **ORDERS:**

1. Judith Anne Eaton, Attorney Registration No. 14783, is hereby **SUSPENDED** from the practice of law for a period of **TWO YEARS.** The suspension **SHALL** become effective thirty-one (31) days from the date of this order in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).

2. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.

---

11. 938 P.2d 147 (Colo.1997).

12. *Id.* at 148–49.

13. *Id.* at 149.

14. *Id.* at 150.

15. *Id.*

16. *See People v. Waitkus*, 962 P.2d 977 (Colo. 1998).