**No. 80SA276**

**The People of the State of Colorado v. Edward E. Dixon**

(616 P.2d 103)

Decided September 8, 1980

Linda Donnelly, Disciplinary Prosecutor, for complainant.

Edward E. Dixon, Pro se.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

A formal complaint was lodged with the Supreme Court Grievance Committee against respondent, Edward E. Dixon, who was admitted to the practice of law in Colorado on September 16, 1963.

The complaint evolved from respondent's attorney-client relationship with David James, which began in June or July 1978 when he was retained by James to recover the value of his motorcycle which had been held by a garage in Montrose County.

In December 1978, respondent filed a complaint in the district court, and James paid him $85 for costs. An answer was filed in January 1979, and interrogatories were served on respondent at approximately the same time.

Although James answered the interrogatories, the respondent failed to forward them to defense counsel. In April 1979, after being advised that a hearing would be held to compel discovery, respondent failed to appear at the hearing. The civil action was dismissed without prejudice, and defense counsel was granted judgment against James for $200 for attorney's fees and travel expenses. Respondent was ordered by the district court to appear on May 10, 1979, to show cause why he should not be held in contempt. Respondent failed to appear.

In June 1979, the respondent sent $200 to the court to pay the judgment and advised the court, by letter, that he had purchased a business out of the state and did not intend to renew his license to practice law in 1980.

Between January and April 1979, James tried repeatedly to reach the respondent by telephone, but with no success. Respondent never told James that his case had been dismissed and did not return the $85 which James had given him.

The formal complaint filed with the Supreme Court Grievance Committee charged respondent with violation of C.R.C.P. 241 B(1) and (5) (conduct that violates the Code of Professional Responsibility; conduct that constitutes gross carelessness or gross negligence); DR 6-101 (A)(3) (neglect of a legal matter); and DR 7-101 (A)(2) (failure to carry out a contract of employment entered into with a client for professional services).

The respondent filed an answer to the complaint but did not appear in person or by counsel at the evidentiary hearing.

The Grievance Committee made findings and concluded that the allegations of the formal complaint had been proven by clear and convincing evidence and recommended that respondent's license to practice law be suspended for an indefinite period and that he be required to pay the costs of the grievance proceeding.

Our review of the record supports the findings, conclusions and recommendations of the Grievance committee. The respondent failed to perform his duties and carry out his responsibilities in a manner commensurate with the high standards of professional conduct expected of him.

It is ordered that the respondent Edward E. Dixon be suspended from the practice of law for an indefinite period and pay the costs of $313.16 incurred in the disciplinary proceedings to the Clerk of this Court within