The PEOPLE of the State of
Colorado, Complainant,

v.

Thomas L. COMBS,
Attorney–Respondent.

No. 90SA446.

Supreme Court of Colorado,
En Banc.

Feb. 19, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

This attorney discipline case is before us on the recommendation of the Supreme Court Grievance Committee that the respondent, Thomas L. Combs, be suspended from the practice of law for a period of 45 days and that he be ordered to pay restitution and the costs of these proceedings. We accept the committee's recommendations.

I.

Thomas L. Combs was admitted to the practice of law in Colorado in 1971 and is subject to the disciplinary jurisdiction. of this court and its grievance committee. The case before us involves a complaint that Combs neglected the case of John W. Brennan who had retained the respondent to represent him in a dissolution of marriage action.

The hearing panel found that Brennan retained the respondent to file a petition for dissolution of marriage in September 1987 and paid respondent $150. For the next three months, Brennan tried unsuccessfully to contact the respondent by telephoning him and leaving written messages for him. Combs did not respond and did not file the petition for dissolution of marriage.

In late January 1988, Combs finally contacted Brennan and asked for $238 to complete the case. Brennan paid that amount and the respondent filed the petition in February 1988, paying a filing fee of $88. The respondent informed Brennan that a hearing had been set for May 16, 1988, but he vacated that hearing without informing his client. Brennan has had no further contact with the respondent and has retained new counsel who completed the dissolution of marriage at an additional cost of $600.

II.

The respondent's misconduct is grounds for discipline under C.R.C.P. 241.6 and the Code of Professional Responsibility, DR 1–102(A)(1) (violation of a disciplinary rule). Combs violated the following provisions of the Code of Professional Responsibility: DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (failure to seek client's lawful objectives); DR 7–101(A)(2) (failure to carry out a contract of employment with a client); and DR 2–110(A)(3) (failure to refund unearned fees). The committee found that the respondent had not earned any fee from Brennan. It recommended that the respondent be required to refund $300 to

Brennan which represents the $388 paid by Brennan to Combs minus the $88 filing fee.

We agree that under the American Bar Association's *Standards for Imposing Lawyer Sanctions*, a suspension in this case is appropriate. *See ABA Standards* 4.42 (suspension generally appropriate when lawyer knowingly fails to perform services for client and causes injury or potential injury). The respondent failed to attend or participate in the disciplinary hearing and presented no evidence in mitigation. No exceptions have been filed concerning the recommended discipline and we find that the proposed 45–day suspension is consistent with our case law. *See, e.g., People v. Chappell*, 783 P.2d 838 (Colo. 1989) (45–day suspension imposed under similar facts).

Accordingly, we order the respondent Thomas L. Combs suspended from the practice of law in this state for a period of 45 days. The suspension shall become effective 30 days after the date of this opinion. C.R.C.P. 241.21(a). The respondent is further ordered to make restitution to John W. Brennan in the amount of $300 plus statutory interest from May 16, 1988. Within 30 days from the date of this order, the respondent is required to pay $145.84 in costs to the Supreme Court Grievance Committee, Suite 500 S, 600 17th Street, Denver, Colorado 80202–5435.