**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gregory Charles DENTON, Attorney–Respondent.**

**No. 92SA286.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for Attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the hearing board's recommendation that the respondent in this attorney discipline proceeding be suspended from the practice of law for three years. The assistant disciplinary counsel has not excepted to this recommendation. The respondent did not appear before the grievance committee and has not appeared in this court. We accept the panel's recommendation, but we impose an additional condition of restitution.

I

The respondent was admitted to the bar of this court on October 6, 1975, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). Because the respondent did not appear and did not answer the formal complaint filed against him, the allegations of fact contained in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct were established by clear and convincing evidence.

II

Around September 1989, Richard M. Haakinson retained the respondent to file a civil action against an Arizona corporation, alleging fraud in connection with a contract for the renovation of a hotel. Haakinson agreed to pay the respondent one-third of the proceeds from the civil action and also advanced the respondent $500 as a retainer. Haakinson gave the respondent all of the pertinent documentation in support of the case. The respondent agreed to make copies of the documents and to return the originals to the client along with a receipt for the $500.

A year passed and the respondent failed to return the original documents and to supply a receipt for the retainer. Haakinson then asked the respondent to return the documents so that he could hire anoth-

er attorney. The respondent assured Haakinson that he was proceeding diligently with the case and persuaded him to allow the respondent to continue on the case.

In April 1991, Haakinson discovered that the respondent had disconnected his telephone and closed his office. When neither he nor the police could locate the respondent, Haakinson sought legal advice from two other attorneys. Both attorneys declined to assist Haakinson without the supporting documents. The respondent never filed any action on behalf of Haakinson, has not returned the original documents or the $500 retainer, and has failed to carry out the contract for legal services. As a result of the respondent's misconduct, the hearing board found that Haakinson has lost the right to pursue the fraud claim and has lost his $500 retainer.

■ As the hearing board determined, the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

As an additional instance of misconduct, the board found that the respondent failed to notify the Clerk of the Supreme Court of his present residence and business address, contrary to C.R.C.P. 227(2)(b) (every attorney shall file a supplemental statement of change in the information previously submitted in the attorney's annual registration statement, including home and business addresses, within thirty days of the change). Further, under the facts of this case which involve his default before the grievance committee, the respondent violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

## III

■ The hearing panel approved the board's recommendation that the respondent be suspended for three years and be assessed the costs of the proceeding. The assistant disciplinary counsel has not excepted to this recommendation. The respondent has not appeared in this court. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, disbarment is generally appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Southern*, 832 P.2d 946 (Colo.1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months).

On the other hand, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. *See, e.g., People v. Raubolt*, 831 P.2d 462 (Colo.1992) (neglect, dishonesty, and misrepresentation in client matters, abandonment of clients and disregard of grievance proceedings warrants three-year suspension where attorney had no history of prior discipline). Moreover, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." ABA *Standards* 4.12.

The hearing board concluded that suspension, rather than disbarment, was warranted because: (1) this case involves only one client and does not present the pattern of misconduct typical of most abandonment cases; and (2) in sixteen years of practice, the respondent has only a limited history of prior discipline consisting of one letter of admonition.

The question is a close one, but, given the limits of the allegations contained in the complaint filed by the assistant disciplinary counsel and of the findings of the hearing board, which are confined to a single instance of serious misconduct, we conclude that a long period of suspension is a suitable sanction. Two members of the court, however, would disbar the respondent. Accordingly, we generally accept the recommendation of the hearing panel, but modify it to the extent of requiring the respondent to return the unearned $500 retainer.

### IV

*It is hereby ordered that Gregory Charles Denton be suspended from the* practice of law for three years, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that Denton must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is further ordered that, prior to petitioning for reinstatement and as a condition thereto, Denton pay restitution to Richard M. Haakinson in the amount of $500 plus interest at the statutory rate from October 1, 1989, until paid. Denton is also ordered to pay the costs of this proceeding in the amount of $205.14 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

QUINN, J., does not participate.