The PEOPLE of the State of
Colorado, Complainant,

v.

Jon C. STEVENSON, Attorney–
Respondent.

No. 98SA433.

Supreme Court of Colorado,
En Banc.

Jan. 4, 1999.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel Denver, Attorneys for Complainant.

No Appearance By or on Behalf of Attorney Respondent.

PER CURIAM.

The respondent in this lawyer discipline case, Jon C. Stevenson, defaulted before the hearing board and has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of the hearing board that Stevenson be suspended for sixty days with the requirement that he must petition for reinstatement. We accept the recommendations.

I.

Jon C. Stevenson was admitted to practice law in this state in 1988. Because he did not answer the formal complaint filed by the complainant, a default was entered against him. The allegations of fact contained in the complaint were deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Robert J. Bruce hired Stevenson to represent him in a dissolution of marriage proceeding. The final orders hearing was held on February 17, 1995, and the opposing counsel was ordered to prepare the final orders. According to the orders, Stevenson's client was directed to pay maintenance to his former wife for a period of four years, so long as she was enrolled in more than one college class each semester. No provisions were made for the division of the husband's military retirement benefits.

The lawyer for the wife failed to prepare the final orders as the court had directed. Bruce tried to contact Stevenson about the final orders, without success. Stevenson did not attempt to determine whether the wife's lawyer had complied with the court's order until September 1996, a period of over eighteen months.

In the fall of 1996, Bruce's former wife sought a wage assignment against him. Without communicating with his client beforehand, Stevenson, together with the wife's lawyer, executed the decree and final orders, and filed them with the court on October 2, 1996. The judge signed the documents, which were dated *nunc pro tunc* to Septem-

ber 19, 1994, the date of the temporary orders.

Shortly after he received a copy of these final orders, Bruce wrote to Stevenson expressing concern that the orders did not contain a provision requiring his former wife to prove that she was enrolled in college. Stevenson did not reply to the letter, so Bruce hired a new lawyer to represent him. On July 28, 1997, because of inconsistencies in the dissolution of marriage decree, the court adopted the reporter's transcript of its orders as 'the formal order of the court.

The hearing board found that Stevenson's conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer), 1.4(a) (failing to keep a client reasonably informed of the status of a legal matter), and 1.4(b) (failing to explain a matter to a client to the extent reasonably necessary for the client to make informed decisions about the matter). The board also concluded that Stevenson's neglect caused harm to his client; specifically, Stevenson's failure to communicate with Bruce about the errors in the final orders forced Bruce to hire new counsel. Bruce has paid the new lawyer $1,262.97 to correct the final order.

## II.

 The hearing panel approved the board's recommendation that Stevenson be suspended for sixty days and be required to petition for reinstatement. Stevenson has not filed exceptions to the panel's action or otherwise appeared in this court.

 Since Stevenson's neglect occurred over an extended period of time it must be deemed willful. *See, e.g., People v. Bradley,* 825 P.2d 475, 476–77 (Colo.1992) (lawyer's inaction over a period of two years deemed willful misconduct). Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating or aggravating factors, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes

injury or potential injury to a client." *Id.* at 4.42.

Stevenson has been disciplined before, which is an aggravating factor for analyzing the proper level of discipline. *See id.* at 9.22(a). He received a letter of admonition in August 1996 for similar misconduct. In addition, there is a pattern of misconduct, *see id.* at 9.22(c), and Stevenson has engaged in a bad faith obstruction of the disciplinary process because of his total non-cooperation with the disciplinary authorities, *see id.* 9.22(e). Stevenson did not appear before the hearing board or present any evidence, so no mitigating factors were found.

Because the neglect occurred over a substantial period of time and resulted in harm to the client, and because Stevenson has elected not to participate in these proceedings, we agree with the hearing board that Stevenson should be required to undergo reinstatement proceedings and demonstrate why he is again fit to practice law. Accordingly, we accept the hearing board's and panel's recommendations.

## III.

It is hereby ordered that Jon C. Stevenson be suspended from the practice of law for sixty days, effective thirty days after the issuance of this opinion. It is further ordered as a condition for reinstatement that Stevenson make restitution to Robert J. Bruce in the amount of $1,262.97 plus statutory interest from July 28, 1997, until paid. Stevenson is further ordered to pay the costs of this proceeding in the amount of $208.90 within thirty days after this opinion is announced to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Stevenson shall not be reinstated until after he has complied with C.R.C.P. 251.29.