**The PEOPLE of the State Of Colorado, Complainant,**

v.

**Robert Karl LYNCH, Respondent.**

**No. 99PDJ034.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 30, 2000.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members THOMAS R. FRENCH and DANIEL A. VIGIL, both members of the bar.

## OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED: NINETY–DAY SUSPENSION*

A sanctions hearing was held on November 17, 1999, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Thomas R. French and Daniel A. Vigil, both members of the Bar. Christyne A. Czarnowsky, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Robert Karl Lynch ("Lynch") did not appear either in person or by counsel.

The People filed the Complaint and Citation in this matter on March 3, 1999. The Complaint and Citation were served upon respondent by certified mail on March 4, 1999, mailed to the respondent's registered business, home and last known addresses in compliance with C.R.C.P. 251.32(b), C.R.C.P. 251.14(b) and C.R.C.P. 227(A)(2)(a) and (b). On April 29, 1999, Lynch was personally served with the Citation and Complaint in San Diego, California. Lynch failed to answer the allegations advanced in the Complaint, and default was entered against him on August 18, 1999, as to both the factual allegations and each of the charges set forth in counts one through six of the People's Complaint. Notice of the sanctions hearing was mailed to Lynch on August 26, 1999. At the commencement of the hearing, the PDJ set aside the default as to count 5 (violation of C.R.C.P. 227(A)(1)(a) for failure to pay registration fees and violation of C.R.C.P. 227(A)(2)(b) for failure to file a change of address with the Office of Attorney Registration).

The People's Complaint charged Lynch with a violation of The Colorado Rules of Professional Conduct ("Colo.RPC") 1.3 (neglect of a legal matter) in count one; a violation of Colo. RPC 8.4(d) (conduct that is prejudicial to the administration of justice) in

count two; a violation of Colo. RPC 1.4(a) (failure to communicate with a client) in count three; a violation of Colo. RPC 1.16(d) (failure to take steps reasonably practicable to protect a client's interests) in count four; a violation of C.R.C.P. 251.5(c) (alleging failure to comply with the applicable rules of civil procedure [C.R.C.P. 227(A)(1)(a) and C.R.C.P. 227(A)(2)(b) ] ) in count five, and a violation of C.R.C.P. 251.5(d)(failure to respond without good cause shown to a request by the Regulation Counsel) in count six. Michael H. Williams, an investigator with the Office of Attorney Regulation Counsel, and Randy Kent Harvey testified for the People.

The People's exhibits 1 through 4 were offered and admitted into evidence. The PDJ and Hearing Board considered argument of counsel, the facts and charges established by the entry of default, assessed the testimony of the witnesses, reviewed the exhibits admitted, and made the following findings of fact, which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Robert Karl Lynch has taken and subscribed the oath of admission, was admitted to the bar of this court on October 21, 1993 and is registered upon the official records of the Supreme Court, attorney registration number 23294. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). On November 1, 1998, Lynch was suspended by the Supreme Court for failure to pay his attorney registration fees and file a change of address. Lynch is subject to the jurisdiction of the Supreme Court during the pendency of his administrative suspension. *People v. Richards,* 748 P.2d 341, 343 (Colo. 1987).

Randy Kent Harvey ("Harvey") retained Lynch and paid him $950 for legal representation in a post-dissolution hearing on Harvey's motion to increase his parenting time with his daughter. At the conclusion of the post-dissolution hearing on March 23, 1998, the court ordered Lynch to prepare an order for the court's signature. Lynch failed to do so. Following the hearing, Lynch failed to respond to numerous phone calls and other messages from Harvey concerning the status

of the order until September 1998, when, during a conversation with Harvey, Lynch promised to complete the order. He again failed to do so. As a result of Lynch's failure to draft a written order, his client was unable to enforce the court's verbal order allowing him increased parenting time. Thereafter, Lynch disconnected his phone and did not respond further to Harvey. Lynch's failure to draft the written order caused Harvey to locate and employ another attorney at additional expense and required an additional court hearing. During the course of Lynch's representation, Harvey provided to Lynch original financial and other documents. Despite Harvey's requests, Lynch failed to return the documents to his client. Harvey suffered injury as a result of Lynch's conduct.

Lynch failed to cooperate with the Office of Attorney Regulation Counsel during the investigation of this matter. Additionally, Lynch failed to pay his attorney registration fees for 1997 and 1998, and failed to notify the Office of Attorney Registration of his change of address.

## II. CONCLUSIONS OF LAW

### A. The Harvey Matter

Lynch accepted funds from Harvey in the amount of $950 in exchange for his legal representation in a contested post-dissolution hearing concerning Harvey's desire to increase his parenting time with his daughter. Although Lynch partially obtained the result desired by his client, he failed to obey the court's directive to submit a written order for the court's signature, constituting neglect of his client's interests in violation of Colo. RPC 1.3 (neglect of a legal matter). Subsequent to the hearing, Lynch failed to respond to Harvey's phone calls regarding the status of the order. At one point Harvey spoke to Lynch and Lynch promised to complete the order. Thereafter, Lynch failed to provide the order to the court or to his client and made no attempts to communicate with Harvey, in violation of Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a

matter and promptly comply with reasonable requests for information).

■ After employing successor counsel, an additional court hearing was required because of Lynch's neglect. Such misconduct was prejudicial to the administration of justice in violation of Colo. RPC 8.4(d).[1]

■ The employment of successor counsel terminated Harvey's attorney-client relationship with Lynch. As a result of that termination, Lynch was required to comply with the mandatory provisions of Colo. RPC 1.16(d)(upon termination, an attorney shall take steps to the extent reasonably necessary to protect his client's interests). *See People v. Hotle,* 35 P.3d 185, 188, n. 1 (Colo. PDJ 1999), 29 Colo. Law. 107, 108 (January 2000)(holding that even where the effective termination of the attorney-client relationship was not in conformity with the provisions of Colo. RPC 1.16(a) or (b), the provisions of Colo. RPC 1.16(d) still apply to the termination of that relationship). Lynch's failure to return the requested documents or turn them over to successor counsel constituted a violation of Colo. RPC 1.16(d) and caused further injury.

At the sanctions hearing, the People argued that Lynch abandoned his client. C.R.C.P. 251.14(a), the rule that governs the contents of disciplinary complaints, provides in part:

(a) Contents of Complaint. The complaint shall set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to those charges.

■ The rule requires that the charging document in a disciplinary case set forth both a factual basis for the charges and the legal basis upon which the People seek discipline. Procedural due process requires fair notice of the charge. *People v. Chastain,* No. GC98A53 (consolidated with No. GC98A59), slip op. at 5 (Colo. PDJ August 11, 1999), 28 Colo. Law. 137, 138 (October 1999), *citing In the Matter of Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). Fair notice of the charge envisions not only a recitation of the facts revealing the offensive conduct but also the identification of the legal prohibition which proclaims such conduct violative of the rules applicable to a lawyer's conduct. *Ruffalo* at 551, 88 S.Ct. 1222; *see e.g. In the Matter of Andrew L. Quiat,* 979 P.2d 1029, 1038 (Colo.1999). The Complaint does not meet this test. There are no substantive factual allegations or charges in the Complaint that would put Lynch on notice that he is being charged with abandonment of his client.

**B. Failure to Cooperate**

■ Lynch was properly served with the Citation and Complaint in this matter, both by certified mail and by personal service. Lynch had sufficient notice but failed to cooperate with the People in the investigation or in the subsequent proceeding. The investigator from the Office of Attorney Regulation Counsel expended considerable efforts in attempting to locate Lynch. Although he was personally served in San Diego, California, Lynch made no efforts to participate in these proceedings. Such misconduct provides grounds for discipline under C.R.C.P. 251.5(d).

**C. Failure to Pay Registration Fees**

Lynch failed to pay attorney registration fees for 1997 and 1998 pursuant to C.R.C.P. 227(A)(1)(a) which requires that every attorney admitted to practice in Colorado annually file a registration statement and pay regis-

---

1. *People v. Johnson,* 35 P.3d 192, 194 (Colo. PDJ 1999), 29 Colo. Law. 113, 114 (February 2000)(finding a violation of Colo. RPC 8.4(d) where an attorney directly delayed and altered the course of court proceedings concerning an income assignment and thereby prejudiced the administration of justice); *People v. Hotle,* 35 P.3d 185, 189–90 (Colo. PDJ 1999), 29 Colo. Law. 107, 108 (January 2000)(holding that a violation

of Colo. RPC 8.4(d) requires proof of some nexus between the conduct charged and an adverse effect upon the administration of justice); *People v. Wright,* 35 P.3d 153, 157 (Colo. PDJ 1999), 21 Colo. Law. 154, 155 (September 1999)(finding a violation of Colo. RPC 8.4(d) for attorney's conduct which resulted in a direct disruption of pending proceedings).

tration fees. Additionally, Lynch failed to notify the Office of Attorney Registration of his change of address in violation of C.R.C.P. 227(A)(2)(b). C.R.C.P. 227(A)(4)(a) provides that any attorney who fails to timely pay attorney registration fees or file a change of address shall be summarily suspended. By Order dated November 1, 1998, the Supreme Court suspended Lynch for failure to pay the annual registration fees for 1997 and 1998. Lynch is therefore presently under administrative suspension.

In count 5, the People allege that Lynch's failure to pay his attorney registration fees for 1997 and 1998, as required by C.R.C.P. 227(A)(1)(a) and his failure to file a change of address form with the Office of Attorney Registration as required by C.R.C.P. 227(A)(2)(b) constituted a failure to comply with The Colorado Rules of Civil Procedure and, therefore, C.R.C.P. 251.5(c) provides grounds for discipline.

C.R.C.P. 227(A)(1)(a) provides in part:

[E]very attorney admitted to practice in Colorado ... shall annually file a registration statement and pay a fee....

C.R.C.P. 227(A)(2)(b) provides:

Notification of Change. Every attorney shall file a supplemental statement of change in the information previously submitted, including home and business addresses within 30 days of such change.

C.R.C.P. 251.5 provides, in part:

Misconduct by an attorney, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(c) Any act or omission which violates these Rules or which violates an order of discipline or disability.

The People assert that noncompliance with the requirements of C.R.C.P. 227(A)(1)(a) and C.R.C.P. 227(A)(2)(b) is misconduct subject to discipline under C.R.C.P. 251.5(c), which defines misconduct as "any act or

omission which violates *these Rules* ..." (emphasis added). The term "these Rules" is not defined in C.R.C.P. 251 *et seq.*

■ Prior case law, however, has recognized that the term "these Rules" contained in C.R.C.P. 251.5(c) encompasses all of the Rules of Civil Procedure.[2] *People v. Rodriguez,* 889 P.2d 681, 683 (Colo.1995)(attorney suspended for ninety days for, among other things, failing to engage in discovery); *People v. Dixon,* 200 Colo. 520, 616 P.2d 103, 103–104 (1980)(attorney suspended for an indefinite period for, among other things, failure to comply with discovery requests). Therefore, the failure to pay registration fees and file a change of address form—both mandatory obligations set forth in the Rules of Civil Procedure—may constitute grounds for discipline. *See People v. Gerdes,* 891 P.2d 995, 997 (Colo.1995)(finding a violation of C.R.C.P. 227(A)(2)(b) constitutes misconduct pursuant to prior C.R.C.P. 241.6(6));[3] *People v. Denton,* 839 P.2d 6, 7 (Colo.1992)(holding that attorney's failure to notify court of change of address constitutes misconduct); *People v. Dash,* 811 P.2d 36, 37 (Colo.1991)(approving the parties' conditional admission of misconduct and holding that the attorney's failure to notify the court of his change of address violated C.R.C.P. 227(A)(2)(b) and attorney's failure to file annual registration violated C.R.C.P. 227(A)(1)(a) which constituted misconduct pursuant to prior C.R.C.P. 241.6(6)); *People v. Garrett,* 802 P.2d 1082, 1083 (Colo.1990)(holding that the attorney's violating C.R.C.P. 227(A)(2)(b) was grounds for discipline pursuant to prior C.R.C.P. 241.6(6)); *People v. Smith,* 757 P.2d 628, 630 (Colo.1988) (approving the parties' conditional admission of misconduct for, among other violations, a violation of C.R.C.P. 227(A)(2)(b) and prior rule 241.6).

■ Lynch failed to comply with C.R.C.P. 227 for a two-year period while continuing to practice: he thus enjoyed the benefits of the law license while failing to

---

2. C.R.C.P. 227 is located in Chapter 18 "Rules Governing Admission to the Bar." The note to Chapter 18 provides that "Rules 201 to 227 are a part of the Colorado Rules of Civil Procedure."

3. Replaced by C.R.C.P. 251.5(c) effective January 1, 1999.

share its burdens. Lynch's failure to file a registration statement, pay the required registration fee and notify the Office of Attorney Registration of his change of address is misconduct for which discipline may be imposed under C.R.C.P. 251.5(c).[4]

### III. IMPOSITION OF SANCTIONS

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standards* 4.42 states that suspension is generally appropriate when:

> [a] a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.

The Commentary to ABA *Standards* 4.42 provides that suspension should be imposed when a lawyer knows that he is not performing the services requested by the client, but does nothing to remedy the situation. Lynch was aware of his obligation to finalize and file the Order for the court's signature, yet he neglected to do so. Having caused injury to his client by neglecting his case, Lynch caused further harm by failing to communicate with his client and failing to transfer the file to the client's successor counsel. For this misconduct, the PDJ and Hearing Board find that a period of suspension is warranted. *See People v. Stevenson*, 980 P.2d 504, 505 (Colo.1999)(attorney suspended for sixty days for neglect of one client, failing to communicate with one client, failing to ensure that a dissolution decree and final order were prepared and filed, and failing to cooperate with the Office of Attorney Regulation Counsel where attorney had no prior discipline); *People v. Kardokus*, 881 P.2d 1202, 1204 (Colo.1994)(attorney suspended for thirty days for neglect of one client, charging an excessive fee, accepting $500 and failing to perform requested work, and failing to file

dissolution of marriage documents); *People v. Barr*, 855 P.2d 1386, 1388 (Colo.1993)(attorney suspended for ninety days for neglect of one client, failing to prepare a dissolution order, failing to communicate with a client, failing to comply with the Office of Attorney Regulation Counsel, and considering the mitigating circumstance of a mental condition of depression); *People v. Crimaldi*, 804 P.2d 863, 866 (Colo.1991)(attorney suspended for sixty days for complete disregard of proceedings, neglect of one client, failing to carry out contract of employment, failing to return funds, engaging in dishonesty, failing to prepare wills over a one-year period, having indifference to making restitution); *People v. Combs*, 805 P.2d 1115, 1116 (Colo.1991)(attorney suspended for forty-five days for neglect of one client, failing to seek client's objectives, failing to carry out employment contract, neglecting to file petition for dissolution, and failing to refund fees); *People v. Chappell*, 783 P.2d 838, 840 (Colo.1989) (attorney suspended for forty-five days for neglect of one client, failing to seek objectives of client, failing to pay funds over to client, performing initial work but failing to revise separation agreement, failing to submit separation agreement to court, and failing to cooperate with the Office of Attorney Regulation Counsel).

The PDJ and Hearing Board considered matters in mitigation and aggravation pursuant to ABA *Standards* 9.3 and 9.2 respectively. By way of aggravation, Lynch engaged in bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, *id.* at 9.22(e), and he refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g). In mitigation, the PDJ and Hearing board considered Lynch's absence of a prior disciplinary record, *id.* at 9.32(a). Standing alone, this mitigating factor is not enough to warrant lessening the sanction.

---

4. At the conclusion of the sanctions hearing, the Office of Attorney Regulation Counsel was asked to submit authority regarding the propriety of imposing both an administrative suspension and a disciplinary suspension for the same conduct. The Assistant Regulation Counsel provided an extensive analysis for consideration by the PDJ and Hearing Board. The PDJ and Hearing

Board have concluded, however, that since Lynch did not participate in these proceedings nor object to consideration of a disciplinary sanction for his failure to comply with the attorney registration rules, that issue is not before them for decision and will not be addressed in this opinion.

Lynch's failure to pay his annual attorney registration fee or file the required change of address form would not ordinarily justify a disciplinary suspension. However, it does warrant that the disciplinary suspension arising from the other charges shall commence following the completion of the administrative suspension already in place.

## IV. ORDER

It is ORDERED as follows:

1. That Robert Karl Lynch, registration number 23294, is SUSPENDED from the practice of law for a period of ninety days. The ninety day period of suspension shall commence upon the date Lynch's administrative suspension is terminated by Order of the Supreme Court;

2. Lynch is Ordered to pay the costs of these proceedings within sixty (60) days of the date of this Order;

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.