**The PEOPLE of the State of Colorado, Complainant,**

v.

**Edward J. POSSELIUS, Respondent.**

**No. 01PDJ062.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

March 20, 2002.

Opinion issued by the Presiding Disciplinary Judge and hearing board members BARBARA WEIL GALL and VICTORIA J. KOURY, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* **ATTORNEY SUSPENDED FOR SIX MONTHS, REINSTATEMENT PROCEEDINGS PURSUANT TO C.R.C.P. 251.29(c) AND (d) REQUIRED.**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on February 28, 2002, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Barbara Weil Gall and Victoria J. Koury, both members of the bar. James S. Sudler, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Edward J. Posselius, the respondent, did not appear either in person or by counsel.

The Complaint in this action was filed June 8, 2001. Posselius did not file an Answer to the Complaint. On October 22, 2001, the People filed a Motion for Default. Posselius did not respond. On December 3, 2001, the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b). The default Order also found that all violations of The Rules of Professional Conduct alleged in the Complaint were deemed established.

At the sanctions hearing, exhibits 1 through 3 were offered by the People and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

### I. FINDINGS OF FACT

Posselius has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on October 21, 1987 and is registered upon the official records of this court, registration number 17010. Posselius

is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default, and were therefore established by clear and convincing evidence. The order entering default also granted default as to all alleged violations of The Rules of Professional Conduct set forth therein. The facts set forth in the Complaint reveal that Posselius was retained by Mark Voting Systems, Inc. (the "corporation") on June 26, 1999 to handle the defense of a case filed against it by plaintiff Judith Powelson in Boulder County District Court. The plaintiff in that matter was a corporate officer and shareholder of the corporation. The essence of her claim was that she had been misled about her investment in the corporation. Posselius had previously represented the corporation and he was personally aware of many of the facts that Ms. Powelson alleged in her complaint against the corporation.

There were several discussions between Posselius and his client's representative designed to provide Posselius with sufficient information to respond to the complaint and engage in settlement discussions. Posselius requested and received two extensions of time within which to respond to the complaint. Notwithstanding the extensions of time to respond, Posselius did not file a timely answer. Opposing counsel sent formal written notice to Posselius informing him that in the absence of an answer being filed within three days, the plaintiff intended to seek the entry of default. Being aware that the extensions of time had expired and that the opposing party intended to seek the entry of default, Posselius still did not file the answer he had agreed to file on behalf of his client. Consequently, on November 16, 2000, default judgment was entered against Posselius's corporate client and a copy of the Order of Default Judgment was mailed to Posselius.

During the period of time that opposing counsel was seeking to obtain an answer from Posselius, Linda Rosa, the representative of Posselius's corporate client, was trying to contact Posselius to obtain information about the status of the case. She made

several telephone attempts to contact him and in late October sent a certified letter to Posselius requesting information. The letter was returned unclaimed to Ms. Rosa on November 19. The same day, Ms. Rosa went to Posselius's home, which also served as his office, to seek information and meet with Posselius.

Posselius told Ms. Rosa there was still time to file a response and that he would contact the president of the corporate client within two days concerning the matter. Posselius neither divulged nor discussed his failure to file an answer with Ms. Rosa nor any other representative of his client at that time or at any later time.

In January 2000, the corporation hired new counsel, and after a hearing on the matter, the District Court vacated the default judgment against the corporation, but awarded attorney fees in favor of the plaintiff and against the respondent and the corporation in the amount of $3,500.00, plus costs of $375.00. The corporation incurred attorney fees in the sum of $2,375.00 in order to get the default judgment set aside.

The respondent has not participated in these proceedings and he has not cooperated with the Office of Attorney Regulation Counsel in the investigation of this case.

## II. CONCLUSIONS OF LAW

The entry of default established the following violations of the Colorado Rules of Professional Conduct ("Colo.RPC"): in claim one, Colo. RPC 1.3 (neglect of a legal matter); in claim two, Colo. RPC 1.4(a) and (b)(failure to communicate adequately and failure to explain a matter to the client so that the client can make informed decisions regarding the representation); and in claim three, grounds for discipline have been established pursuant to C.R.C.P. 251.5(d) (failure to respond without good cause to the Regulation Counsel), and 251.10 (failure to respond to the allegations in a request for investigation).

The facts established by the Complaint and the entry of default show that Posselius neglected the matter entrusted to him by his client, that he failed to communicate with his client and failed to keep them accurately informed of the status of the case. His misconduct caused serious injury, which, without his assistance, was mitigated by the actions of others.

Moreover, when confronted with his misconduct by the Office of Attorney Regulation Counsel, Posselius chose to ignore his mandatory obligation to cooperate in the investigation of the matter and failed to participate in these proceedings. See C.R.C.P. 251.5(d). Posselius's misconduct in connection with his client's case and his misconduct in connection with the investigation of this disciplinary matter reflect adversely upon his fitness to practice law.

## III. SANCTION/IMPOSITION OF DISCIPLINE

The misconduct engaged in by Posselius amounted to neglect and lack of communication with his client. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards* ") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct. ABA *Standard* 4.42(a) provides that suspension is generally appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."

The Commentary to ABA *Standard* 4.42 provides that suspension should be imposed when a lawyer knows that he is not performing the services requested by the client, but does nothing to remedy the situation. Posselius was aware of his obligation to prepare and file a responsive pleading to the complaint, yet he neglected to do so. Posselius's misconduct was the direct cause of the entry of default. Having caused injury to his client by neglecting the client's case, Posselius aggravated that harm by failing to keep his client accurately informed about the case and by misinforming the client's representative about the status of the case. For this misconduct, the PDJ and Hearing Board find that a period of suspension is warranted. See *People v. Stevenson*, 980 P.2d 504, 505 (Colo.1999)(attorney suspended for sixty days for neglect of one client, failing to communicate with one client, failing to ensure

that a dissolution decree and final order were prepared and filed, and failing to cooperate with the Office of Attorney Regulation Counsel where attorney had no prior discipline); *People v. Kardokus*, 881 P.2d 1202, 1204 (Colo.1994)(attorney suspended for thirty days for neglect of one client, charging an excessive fee, accepting five hundred dollars and failing to perform requested work, and failing to file dissolution of marriage documents); *People v. Barr*, 855 P.2d 1386, 1388 (Colo.1993)(attorney suspended for ninety days for neglect of one client, failing to prepare a dissolution order, failing to communicate with a client, failing to comply with the Office of Attorney Regulation Counsel, and considering the mitigating circumstance of a mental condition of depression); *People v. Crimaldi*, 804 P.2d 863, 866 (Colo.1991)(attorney suspended for sixty days for complete disregard of proceedings, neglect of one client, failing to carry out contract of employment, failing to return funds, engaging in dishonesty, failing to prepare wills over a one-year period, demonstrating indifference to making restitution); *People v. Combs*, 805 P.2d 1115, 1116 (Colo.1991)(attorney suspended for forty-five days for neglect of one client, failing to seek client's objectives, failing to carry out employment contract, neglecting to file petition for dissolution, and failing to refund fees); *People v. Chappell*, 783 P.2d 838, 840 (Colo.1989) (attorney suspended for forty-five days for neglect of one client, failing to seek objectives of client, failing to pay funds over to client, performing initial work but failing to revise separation agreement, failing to submit separation agreement to court, and failing to cooperate with the Office of Attorney Regulation Counsel).[1]

The degree of injury caused by Posselius's misconduct is more severe than that caused in the cited cases and requires a greater period of suspension. Moreover, Posselius's willingness to mislead his client and thereby aggravate the injury already visited upon that client by his misconduct when combined

with his failure to participate in these proceedings raises a serious question about his fitness to practice law.

Determination of the appropriate sanction requires the PDJ and Hearing Board to consider aggravating and mitigating factors pursuant to ABA *Standards* 9.22 and 9.32 respectfully. Posselius did not participate in these proceedings, therefore no mitigating factors were established. The facts deemed admitted in the Complaint establish several aggravating factors pursuant to ABA *Standard* 9.22. Posselius engaged in a pattern of misconduct, *see id.* at 9.22(c); he engaged in multiple offenses, *see id.* at 9.22(d); he has demonstrated indifference to making restitution, *see id.* at 9.22(j), and he failed to cooperate in the disciplinary proceeding, *see id.* at 9.22(e).

The degree of injury caused by Posselius, the serious question concerning his fitness to practice law and the nature and degree of the aggravating factors cause the PDJ and Hearing Board to conclude that a six-month period of suspension from the practice of law is the appropriate sanction to impose. Additionally, respondent shall be required to undergo formal reinstatement proceedings pursuant to C.R.C.P. 251. 29(c) and (d) reimburse his client for the court-ordered attorney's fees imposed against his client and the additional attorney's fees incurred by his client to set aside the default.

### IV. ORDER

It is therefore ORDERED:

1. EDWARD J. POSSELIUS, attorney registration number 17010 is suspended from the practice of law effective thirty-one days from the date of this Order for a period of six-months.

2. Posselius must undergo formal reinstatement proceedings pursuant to C.R.C.P. 251.29(c) and (d).

3. Posselius shall, within twelve (12) months from the issuance of this deci-

---

1. The People requested a substantially longer period of suspension than the sanction imposed by this decision. Their request was premised upon their argument at the sanction hearing that Posselius "abandoned" his client. The PDJ and Hearing Board decline to find that Posselius "abandoned" his client only because abandonment was not pled in the complaint. *See People v. Lynch*, 35 P.3d 509, 513 (Colo. PDJ 2000), 2000 Colo. Discipl. LEXIS 28, *7–8.

sion, refund and pay restitution as follows:

a. Either satisfy the court ordered award of $3,500.00, plus costs of $375.00 representing attorney fees and costs entered against his client by the Boulder County District Court, or reimburse his client, plus interest at the statutory rate from the date of this order, if the award of attorney's fees and costs has already been satisfied;

b. Pay to his client the sum of $2,375.00 incurred in attorney's fees to set aside the default judgment,

plus interest at the statutory rate from the date of this decision.

4. Posselius is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.